UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RAUL ESPINOSA-MONDRAGON, | ) | CASE NO.  4:14CV2133 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is *pro se* petitioner Raul Espinosa-Mondragon's above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that the Bureau of Prisons has erred in his sentence calculation by failing to give him credit discussed by his sentencing judge.  The Court finds no error.

*Background*

Petitioner was arrested on September 30, 2011 and charged with illegal re-entry.  He was sentenced to a term of 36 months for that charge.  While serving that sentence, Petitioner was also indicted for smuggling cash into the country and sentenced to 60 months.  During that sentencing, the sentencing judge stated: "That the Bureau of Prisons shall determine when you were first arrested for the crime to which you been convicted in this Court today, and it is the Court's intention that your sentence run from the time that you have been in continuous custody since an

arrest for the crime for which you were convicted." Based upon that statement, Petitioner has sought through the administrative process to achieve some reduction in his total sentence of 96 months. Petitioner has obtained no relief through the administrative process.

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). As Espinosa-Mondragon is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999). For the reasons set forth below, however, the petition lacks merit.

The entirety of Petitioner's claim rests upon his improper interpretation of the above-quoted sentence from his sentencing hearing. Petitioner contends that the sentence quoted above mandates that some portion of his second sentence run concurrent with his initial 36-month sentence. However, in so doing, Petitioner fails to inform the Court that he requested clarification of this aspect of his sentence directly from his sentencing judge. On May 12, 2014, in an order denying Petitioner's motion to amend his judgment, the sentencing court stated: "At the time of sentencing, the Court was well aware of Espinosa-Mondragon's previous federal case. Had the Court intended for Espinosa-Mondragon's 60-month sentence to run concurrent with his 36-month sentence, the Court would have stated so in the judgment." As such, the sentencing court has made clear that it intended for the sentences to run consecutively. Accordingly, there is no basis for the relief sought by Petitioner herein.

Moreover, to the extent that Petitioner suggests that there are alternative methods to calculate his sentence based on the singular sentence quoted from his sentencing hearing, he also

ignores that he was never arrested for the smuggling offense. At the time he was indicted, Petitioner was already in federal custody due to his illegal re-entry indictment and conviction. Accordingly, there exists no arrest date that could be utilized to alter the computation of Petitioner's sentence.

*Conclusion*

Based on the foregoing, Petitioner's petition is DISMISSED pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

       IT IS SO ORDERED.


Date: September 24, 2015        */s/ John R. Adams*
                                                     JOHN R. ADAMS
                                                     UNITED STATES DISTRICT JUDGE